By the Court.—Freedman, J.
The action was brought against the defendants Hogg, Patterson and Hutchinson to recover for goods sold to them as co-partners. They all appeared. Hogg and Patterson failed to answer, but Hutchinson by answer denied the allegations of the complaint, and alleged that the partnership was special and that he was the special partner. Upon an affidavit showing, among other things, these facts, and claiming that the testimony of Hogg was material and necessary to enable the plaintiff to proceed to trial and that by such testimony the plaintiff expected to show that Hutchinson never paid in the amount of his special capital as required by law,' and that for that reason the partnership was general and not special, an order was made for Hogg’s examination on behalf of the plaintiff as a party before trial. In pursuance of the service of the order, Hogg appeared ready and willing to be examined, but Hutchinson moved that, so far as he was concerned, the order should be vacated, for the following reasons: (1) because no copy of the order had been served on him or his attorney; (2) because the notice served on his attorney was not a compliance with section 875 of the Code; and (3) because Hogg, having made default, could not be examined as a party on behalf of the plaintiff against his co-defendant Hutchinson. The motion was denied, and the appeal is from the order of denial.
It is conceded that Hogg’s examination, even if he had not been in default, could only have been taken on notice to Hutchinson, as prescribed by section 875. It is claimed, however, that the requirements of that section were waived. The affidavits read on both sides *103 leave it doubtful whether there was such waiver, and it is not necessary for present purposes to determine the question, inasmuch as, in view of all the facts disclosed, the order should have been vacated as against Hutchinson under the third objection. True, a mere literal reading of section 870 seems to sanction the examination of any party on proper papers, but that is not its true meaning. It contemplates a party contesting or intending to make a contest. A party who stands upon the record as having given up the contest, is no longer a party litigant. Such a party could not have been examined against a co-defendant under the former practice under a bill of discovery for which the examination of a party under the Code is a substitute, nor is his examination as against a co-defendant within the spirit of the Code. The reason which led to the substitution was to exempt the rest of the community from attendance as witnesses to prove facts which the parties respectively know and ought never to dispute, and would not dispute, if they were put on their oaths (Rep. of Com. on Pr. & Pl. 244). By his-failure to answer Hogg ended the dispute as to himself, and ceased to be a party to the contest which remained between the plaintiff and Hutchinson. In the course of that contest his examination on behalf of either as against the other before trial, can only be taken, like that of any other witness, for special and sufficient cause. No such cause having been shown in this case, the order appealed from should be reversed, with costs and disbursements, and the motion to vacate granted.
Arnoux, J., concurred.